BENJAMIN B. WAGNER
United States Attorney
CHRISTIAAN H. HIGHSMITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANDRES REYES VALENZUELA,<br><br>　　　　　　　Defendants. | CASE NO. 2:12-CR-358-1 GEB<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: February 14, 2014<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

　　　　The United States, through its undersigned counsel, submits the following sentencing memorandum in aid of sentencing defendant Andres Reyes Valenzuela. In the plea agreement between the parties, the government agreed to recommend a sentence at the low end of the defendant's guideline range as determined by the Court. (Plea Agreement at 4:9-10.) The probation officer's presentence report ("PSR") found the defendant's guideline range to be 51-63 months based on a total offense level of 23 and a criminal history category of II. (PSR ¶¶ 21, 28.) The probation officer also recommended that the Court depart downward from the guidelines to a sentence of 37 months pursuant to USSG § 4A1.3(b), because the defendant's criminal history category of II substantially over represents his criminal history. In essence, the probation officer recommended the benefit of a two-level decrease reflecting safety valve eligibility and a criminal history category of I in its recommended sentence of 37 months, which is the low end of the guidelines for a total offense category of 21 and criminal history category I.

GOVERNMENT'S SENTENCING MEMORANDUM　　　　1

As detailed in the Government's Formal Objections to the PSR (Dkt. # 44), the Government disagrees with one aspect of the PSR. The defendant should be classified not as a "minimal" participant in the underlying criminal conduct but as a "minor" participant. The reasons for this are set forth in the Government's Objections to the PSR. (Dkt. # 44.) Accordingly, the government contends that a downward departure under USSG § 4A1.3(b) to 46 months imprisonment is appropriate in this case. Such a downward departure would reflect a base offense level of 30, a two-level decrease for minor role, a three-level decrease for acceptance of responsibility, and a two-level decrease for safety valve. This 46-month sentence corresponds with the low end of the guideline range for a total offense level of 23 and a criminal history category of I. Otherwise, the Government agrees with the probation officer that the sentencing factors in 18 U.S.C. § 3553(a) warrant a sentence at the low end of the applicable guideline range and that a downward departure under USSG § 4A1.3(b) is warranted in this case. (PSR ¶ 67, p. 12.)

Respectfully submitted,

Dated: February 7, 2014

BENJAMIN B. WAGNER
United States Attorney

By: /s/ CHRISTIAAN H. HIGHSMITH
CHRISTIAAN H. HIGHSMITH
Assistant United States Attorney